**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 22 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

CHARLES RAY SANDERS,

      Petitioner-Appellant,

v.

DEBBIE MAHAFFEY, Warden,

      Respondent-Appellee,

and

THE ATTORNEY GENERAL OF
THE STATE OF OKLAHOMA,

      Respondent.

No. 00-6101
(W.D. Okla.)
(D.Ct. No. 99-CV-1931)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Charles Ray Sanders, a state inmate appearing *pro se*, appeals the district court's decision denying his habeas petition filed under 28 U.S.C. § 2254 as time barred. We exercise our jurisdiction under 28 U.S.C. § 2253, deny Mr. Sanders a certificate of appealability and permission to proceed *in forma pauperis*, and dismiss his appeal.

In February 1991, after pleading *nolo contendere*, Mr. Sanders received state convictions for second degree burglary, first degree rape, forcible oral sodomy, larceny of an automobile, robbery with a dangerous weapon and attempted anal sodomy, each after former convictions of two or more felonies. The state sentenced Mr. Sanders to twenty-five years imprisonment on each count, to run concurrently. On March 27, 1992, the Oklahoma Court of Criminal Appeals denied his request for a writ of certiorari. On February 11, 1999, Mr. Sanders filed a state habeas application for post conviction relief. On June 21, 1999, the state district court denied the application, and the Oklahoma Court of Criminal Appeals affirmed its decision on August 18, 1999.

On December 8, 1999, Mr. Sanders filed his § 2254 petition challenging his convictions. The district court assigned the matter to a magistrate judge who issued a Report and Recommendation, recommending denial of Mr. Sanders petition as time-barred by the one-year limitation period proscribed under 28 U.S.C. 2244(d)(1). The magistrate judge explained the limitation period for filing Mr. Sanders' petition began April 24, 1996 and ended one year later. The magistrate judge further explained that no tolling under § 2244(d)(2) occurred because Mr. Sanders did not file his state habeas application until February 11, 1999 – well after the one-year limitation period ended. Finally, the magistrate judge determined Mr. Sanders failed to show any circumstances warranting equitable tolling of the one-year limitation period.

After considering Mr. Sanders' objections to the magistrate judge's Report and Recommendations and the state's response thereto, the district court issued an Order determining Mr. Sanders untimely filed his petition and that no equitable tolling was warranted. In so doing, the district court rejected Mr. Sanders' contention he did not know about the time restrictions for filing his federal habeas petition and that the prison denied him access to a current version of the United States Code. In rejecting Mr. Sanders' contentions, the district court relied on an affidavit of the prison law librarian who stated she posted a notice of the one-year

limitation period on the prison law library bulletin board shortly after enactment of the 1996 amendment to 28 U.S.C. § 2244(d), and that following the amendment, the library contained the Criminal Law Reporter and the October 1996 cumulative supplement to the United States Code–both containing the amendment at issue. Given these circumstances, the district court determined Mr. Sanders failed to provide any specificity as to his alleged lack of access or that he took steps to diligently pursue his federal claims. Accordingly, the district court denied the petition and Mr. Sanders' request for a certificate of appealability.

On appeal, Mr. Sanders contends that in denying his appeal, the district court failed to rely on *Haines v. Kerner*, 404 U.S. 519 (1972) and improperly denied his request for appointment of counsel. He also renews his contention he did not know about the one-year limitation period until March 3, 2000 when he claims the prison law library first posted notice of its existence and that the prison kept the United State Code Annotated pocket parts in the law library office area which restricts access to inmates, other than law clerks. In support of his contentions, Mr. Sanders submits an affidavit of a law clerk inmate, which he did not provide the district court.

When reviewing the denial of a § 2254 petition, we review the district court

-4-

factual findings for clear error and its legal rulings *de novo*. *See Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 944 (2000). After a careful review of the record, we conclude Mr. Sanders' petition is time barred and not subject to tolling under § 2244(d)(2). As to any equitable tolling of the one-year limitation period, the district court properly addressed and rejected Mr. Sanders' allegations. For equitable tolling to apply, we have held it is not enough to say the prison "lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. ), *cert. denied*, 525 U.S. 891 (1998). Nor is a *pro se* inmate's ignorance of the one-year limitation period sufficient to equitably toll the limitation period. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (relying on *Miller*, 141 F.3d at 978). Moreover, we point out that the affidavit submitted by Mr. Sanders on appeal to support equitable tolling was not before the district court for consideration. It is well established this court generally will not consider an affidavit on appeal which was not before the district court.[1] *See*

---

[1] Even if we considered the affidavit submitted by Mr. Sanders, it acknowledges that shortly after the amendment of § 2244(d), the prison law library received the Criminal Law Reporter and Cumulative Case and Statutory Case Service containing the new amendment and placed them on the shelf for use by the general inmate population. Even if these sources were subsequently placed in the law library office for safe keeping, as the affidavit contends, Mr. Sanders has not shown he inquired about the possibility of any supplement or pocket parts, that the prison denied him or other inmates access to review them on request, or what other steps, if any, he personally took to diligently pursue his state or federal post-conviction claims over the seven-year period following the direct

*United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (relying on Fed. R. App. P. 10(e)).

As to Mr. Sanders' complaint he is entitled to an attorney, we have held no constitutional right to counsel extends beyond appeal of a criminal conviction and "that generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyoming Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). Finally, even if we construe Mr. Sanders' *pro se* pleadings liberally under *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is clear he fails to make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2) for a certificate of appealability. Specifically, Mr. Sanders fails to demonstrate that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or the district court was correct in it procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, ___, 120 S. Ct. 1595, 1604 (2000).

Accordingly, for substantially the same reasons set forth in the district court's April 25, 2000, March 8, 2000, and January 19, 2000 Orders, and the

appeal of his conviction.

magistrate judge's December 15, 2000 Report and Recommendation, we deny Mr. Sanders' motion for a certificate of appealability, deny his motion to proceed *in forma pauperis*, and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge